IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**PETER P. FIORE, JR.,**
**individually and on behalf**
**of all others similarly situated,**

**Plaintiff,**

v.

**FIRST AMERICAN TITLE**
**INSURANCE COMPANY,**

**Defendant.**                                                    No. 05-CV-474-DRH

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

### I. Introduction

Plaintiff Peter P. Fiore, Jr. ("Plaintiff"), on behalf of himself and others similarly situated, originally filed a complaint in St. Clair County Circuit Court. Defendant First American Title Insurance Company ("Defendant") removed the case to this Court on July 6, 2005. On December 13, 2005, the Court denied Plaintiff's motion to remand (Doc. 8) and granted Defendant's motion to dismiss (Doc. 5) without prejudice.[1]  On January 27, 2006, Plaintiff filed an amended complaint. (Doc. 24.)  Now before the Court is a motion to dismiss Plaintiff's first amended

---

[1] Defendant's first motion to dismiss (Doc. 5) claimed that Plaintiff had failed to allege facts with the particularity required by **Fed. R. Civ. P. 9(b)**.

complaint submitted by Defendant. (Doc. 25.) Plaintiff responded in opposition. (Doc. 26.) Defendant, in turn, submitted a reply. (Doc. 27.) For the reasons below, the Court grants Defendant's motion to dismiss.

## II. Background

Defendant First American Title Insurance Company, as its name suggests, is a company that sells title insurance. Plaintiff is a former consumer of Defendant's services. Plaintiff asserts two claims against Defendant. (Doc. 24.) Count I of Plaintiff's Amended Complaint alleges that Defendant has violated the **Illinois Consumer Fraud and Deceptive Practices Act, 815 ILCS 505 et seq. ("ICFA")** by misrepresenting the actual cost incurred by Defendant for a fee listed on Plaintiff's HUD-1 Settlement Statement. (Doc. 24, ¶ 31.) Count II asserts a breach of contract claim against Defendant. (Doc. 24, ¶ 56.)

Plaintiff asserts that he engaged the services of Defendant "for the purpose of providing certain closing, title and settlement services, including the procurement of title insurance and preparation of those transactional documents required for the refinancing of plaintiff's home." (Doc. 24, ¶ 13.) At the time of closing, Plaintiff was given a HUD-1 Settlement Statement ("HUD-1").[2] (Doc. 24, ¶ 26.) Line 1306 of the statement showed a charge of $25.00 for a "Service/Handling Wire Transfer Fee to First American Title Insurance Company." (Doc. 24, ¶ 27.) Plaintiff inquired

---

[2] The Complaint discusses the original HUD-1 Settlement Statement that was presented to Plaintiff, which contained a $50.00 fee to First American for FEDEX charges. This fee was eventually removed and a new HUD-1 Settlement Statement was presented to Plaintiff. The second HUD-1 Settlement Statement (Exhibit 2) is the focus of this action.

whether the $25.00 fee represented "an actual amount or an estimate." (Doc. 24, ¶ 28.) Plaintiff alleges that a supervisor at First American did not respond to his question, but instead said that the fees were "customary" and if Plaintiff did not pay the amount that the lender could rescind the entire transaction. (Doc. 24, ¶¶ 29-30.) Plaintiff asserts that he paid the fee, but later discovered that the $25.00 fee was higher than what was charged by other financial institutions for the same service. (Doc. 24, ¶ ¶ 34-35.)

### III. Analysis

#### A.     Motion to Dismiss Standard

When ruling on a motion to dismiss for failure to state a claim under **Fed. R. Civ. P. 12(b)(6)**, a court must accept the complaint's well-pleaded factual allegations as true and draw reasonable inferences from those allegations in plaintiff's favor. ***Transit Exp., Inc. v. Ettinger*, 246 F.3d 1018, 1023 (7th Cir. 2001)**. The court must then determine "whether relief is possible under any set of facts that could be established consistent with the allegations." ***Bartholet v. Reishauer A.G.*, 953 F.2d 1073, 1078 (7th Cir. 1992)** (citing ***Conley v. Gibson,* 355 U.S. 41, 45-46 (1957)**). A motion to dismiss tests the sufficiency of the complaint, not its merits. ***Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990)**. A claim may be dismissed only if it is beyond doubt that under no set of facts would a plaintiff's allegations entitle her to relief. ***Travel All over the World, Inc. v. Kingdom of Saudi Arabia*, 73 F.3d 1423, 1429 (7th Cir. 1996)**. To survive a motion to dismiss, "[c]omplaints

need not plead facts and need not narrate events that correspond to each aspect of the applicable legal rule." ***Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 715 (7th Cir. 2006)**.

### 1. ICFA Claim

Section 2 of the **ICFA, 815 ILCS 505/2**, provides:

> [u]nfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful . . . .[3]

Plaintiff claims that Defendant violated ICFA by listing a charge on the HUD-1 that was higher than the actual cost incurred by Defendant. Essentially, Plaintiff's claim boils down to his assertion that the HUD-1 should reflect not only the actual costs charged to the Plaintiff, but also the actual cost incurred by the Defendant. Plaintiff claims that the Congressional purpose behind the HUD-1 is "to provide consumers with the actual amount incurred by the vendor for the services incurred." (Doc. 26, p.5.) However, Plaintiff does not point to any authority to support this assertion. Plaintiff relies, instead, on what it refers to as the plain language of the HUD-1 to argue that Defendant must disclose the actual costs that Defendant

---

[3] In order to succeed on an ICFA claim, a plaintiff must prove three elements: 1) an unfair or deceptive act or practice by defendant; 2) the defendant's intent that plaintiff rely on the deception; and 3) the occurrence of the deception in the course of conduct involving trade or commerce. ***Parks v. Wells Fargo Mortgage, Inc.*, 398 F.3d 937, 943 (7th Cir. 2005).**

incurred in servicing Plaintiff's loan. In making the argument, Plaintiff relies on a "Note" on the HUD-1 form, which states that "[t]his form is furnished to give you a statement of the actual settlement costs. Amounts paid to and by the settlement agent are shown." (Exhibit 2, Section C.) Plaintiff argues that the mark-up in cost for the wire transfer fee constitutes a misrepresentation of a material fact, because the HUD-1 does not reflect the *actual cost to the Defendant*. Furthermore, Plaintiff alleges that statements made by one of Defendant's supervisors regarding the fees were false and represent material misstatements of facts.

Defendant, on the other hand, argues that its actions comply with the **Real Estate Settlement Procedures Act of 1974, 12 U.S.C. § 2601 *et seq*. ("RESPA")**, which mandates the creation and use of the HUD-1 in all home mortgage closings in which a federally insured lender is involved. The provision relating to the uniform statement of settlement costs provides only that the HUD-1 "shall conspicuously and clearly itemize all charges imposed upon the borrower . . . ." **12 U.S.C. § 2603(a).** Defendant argues that the purpose of the HUD-1, according to this provision, is to "itemize all settlement charges imposed upon *the customer* in connection with closing a real estate transaction. The HUD-1 is not designed or intended to itemize the 'actual costs' incurred by *the title agent* during the closing." (Doc. 27, p. 2.) Relying on **12 U.S.C. § 2603(a)**, Defendant maintains that it was not deceptive for it to charge Plaintiff $25.00 for the wire transfer fee, even if the actual cost to Defendant to provide the service was less than that amount. Defendant further

5

argues that the statements made by the supervisor were not false; that in fact there is nothing deceptive about requiring a customer to pay the full amount for a fee charged for a service or else risk having the transaction fail. Ultimately, Defendant argues that title agents may mark-up their fees, so long as the fees charged to the customer are disclosed.

Interestingly, Plaintiff makes no claim that Defendant has violated RESPA, but instead argues that his ICFA claim is not dependant on finding a violation of RESPA. Most likely, Plaintiff does not make a RESPA claim precisely because the Seventh Circuit has made it abundantly clear that it does not believe that mark-up fees violate RESPA. **Krzalic v. Republic Title Co., 314 F.3d 875, 880 (7th Cir. 2002)** (holding that "[n]othing is more common than for professionals to reprice the incidental charges that they incur on behalf of their clients.").[4]

---

[4] ***Krzalic*** is the Seventh Circuit's last word in an ongoing debate it has had with the Department of Housing and Urban Development over **Section 8(b) of RESPA, 12 U.S.C. § 2607(b)**, which is entitled "Prohibition Against Kick-backs and Unearned Fees." In ***Echevarria v. Chicago Title & Trust Co.*, 256 F.3d 623 (7th Cir. 2001)**, the Seventh Circuit held that Section 8(b) is an anti-kickback provision, which prohibits referral fees or fee-splitting *with third-parties*. The Seventh Circuit rejected a reading of Section 8(b) as prohibiting overcharges or marked-up fees. ***Id*. at 629.** HUD responded by issuing a policy statement, which stated that Section 8(b) is not "limited to situations where two or more persons split or share an unearned fee." **HUD*, Real Estate Settlement Procedures Act Statement of Policy 2001-1*, 66 Fed. Reg. 53052, 53057 (Oct. 18, 2001).** However, the Seventh Circuit in ***Krzalic*** reaffirmed its earlier holding in ***Echevarria***. The ***Krzalic*** case deals with facts similar to the present case: the closing agent charged the plaintiff a $50 fee for recording the mortgage, but only paid the county recorder $36. The agent retained the remaining $14. After considering whether HUD's policy interpretation was due any *Chevron* deference (and deciding that even if some deference was due it was not warranted since the plain language of the statute was clear in this case), the Seventh Circuit held that Section 8(b) of RESPA applied only to kick-backs and referral fees and, therefore, HUD's interpretation did not stand. ***Krzalic* at 880.**

While most would consider the practice of padding expenses "un-American" and the unsavory practice has fueled many class actions, with which the Court can agree on philosophical grounds, the Court finds that Plaintiff has failed to plead facts that might even have the potential of forming a claim under RESPA. Upon the facts pled by Plaintiff, the Court finds that Defendant's actions comply with the requirements under RESPA that the HUD-1 "conspicuously and clearly itemize all charges imposed upon the borrower . . . ." **12 U.S.C. § 2603(a).** The Court believes that it would be a stretch to read this language as requiring a disclosure of actual costs incurred by the title agent. Furthermore, Plaintiff's allegation that the supervisor made false statements regarding the fees and rescinding the transaction if Plaintiff refused to pay certain fees is nothing more than an allegation – it is unsupported by any facts contained in Plaintiff's complaint.

The Court, then, must decide whether a claim under ICFA can stand, as Plaintiff argues, if there is no valid claim under RESPA. Defendant argues that it cannot. Section 2616 of RESPA provides that even if a broker complies with RESPA, he may still be liable under state law if that law "gives greater protection to the consumer." **12 U.S.C. § 2616**. However, ICFA also has a provision, which states that "nothing in this Act shall apply to . . . actions or transactions specifically authorized by laws administered by any regulatory body or officer acting under statutory authority of this State or the United States." **815 ILCS 505/10b(1)**. Illinois courts have held that if an action does not violate RESPA, then there is no claim under

7

ICFA. *See Weatherman v. Cary-Wheaton Bank of Fox Valley*, **186 Ill.2d 472, 488, 713 N.E.2d 543, 550, 239 Ill.Dec. 12, 22 (Ill. 1999)** (concluding that "defendant's compliance with RESPA in this case renders defendant exempt from liability under the Consumer Fraud Act."); *Johnson v. Matrix Fin. Services Corp.*, **354 Ill.App.3d 684, 698, 820 N.E.2d 1094, 1106, 290 Ill.Dec. 27, 29 (1st Dist. 2004)** ("Because plaintiffs failed to state a claim under RESPA's antikickback provision, the circuit court properly dismissed their claim under the Consumer Fraud Act."). Plaintiff has not alleged that there is a claim under RESPA and, as discussed above, the Court does not believe the facts in Plaintiff's complaint are sufficient to support a claim under RESPA. Because Defendant has complied with RESPA, Plaintiff has no claim under ICFA. Therefore, the Court finds that Defendant's motion to dismiss with regard to Count I should be granted.

### 2. Breach of Contract Claim

Given the analysis above, the Court does not believe that it is even necessary to consider whether the HUD-1 Settlement Statement constitutes a contract. Assuming arguendo that the HUD-1 form is a contract, the Plaintiff has failed to plead facts to support a breach of contract claim. As required by RESPA, the HUD-1 "clearly and conspicuously" listed all of the fees imposed upon the Plaintiff at closing and Plaintiff paid the fees. By paying the fees, Plaintiff performed his duties under the "contract." And by performing the services listed on the HUD-1, Defendant performed its duties under the "contract." Therefore, both parties complied with the

"terms" of the alleged contract. Defendant's motion to dismiss with regard to Count II should be granted.

## IV. Conclusion

Therefore, for the foregoing reasons the Court **GRANTS** Defendant's motion to dismiss with prejudice. (Doc. 25). Judgment to enter on behalf of Defendant.

**IT IS SO ORDERED**.

Signed this 28th day of August, 2006.

/s/        David   RHerndon
**United States District Judge**